UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-24300-MGC

IBALDO ARENCIBIA,

    Plaintiff,

vs.

AGA SERVICE COMPANY, et al.,

    Defendants.

_____/

CLASS ACTION

**DEFENDANTS AGA SERVICE COMPANY AND JEFFERSON INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, AGA Service Company d/b/a Allianz Global Assistance ("Allianz") and Jefferson Insurance Company ("Jefferson"), submit this reply memorandum in support of their Motion to Dismiss ("MTD") [ECF No. 26] all claims alleged in the Class Action Complaint [ECF No. 1] of the Plaintiff, Ibaldo Arencibia ("Plaintiff").

## Introduction

Plaintiff admits that he had access on Allianz's website to all of the terms of insurance coverage *prior* to purchasing the travel policy – which he apparently elected not to read – and that he received a complete copy of the policy *after* he paid the premium – which he also elected not to read. The policy, in plain English, clearly sets forth the 16 reasons under which cancellation coverage exists. A voluntary change in travel plans is *not* one of the covered reasons. Compl., Ex. C, "TRIP CANCELLATION COVERAGE" [ECF No. 1-3, at 12 of 36]. Plaintiff's excuse for not reading the coverage terms was that he was required to "click" on "three different links" before he got to a "document detailing the terms of the individual travel insurance policy." Opp., 2-3. Even if Plaintiff's indifference relieved him of the obligation to read the policy terms before purchasing (it does not), Plaintiff does not deny that he was *granted 10 days after purchase* to review the policy terms and conditions and cancel if he was dissatisfied "for any reason."[1] Given these undisputed facts, Plaintiff's implausible claim that he was "deceived" is refuted by the documents attached to his own Complaint.

---

[1] "Since your satisfaction is our priority, we are pleased to give you 10 days to review your policy. If, during this 10-day period, you are not completely satisfied for any reason, you may cancel your policy and receive a full refund." Compl., at ¶44, Ex. C [ECF No. 1-3, at 1 of 36].

Plaintiff furthermore concedes that all of his "claims are based on Defendants' presentation to consumers of a misleading offer of insurance in order to complete a sale." Opp., at 2. The concession is fatal. The conduct alleged -- deception in the advertising, offer and sale of insurance -- is exclusively regulated by the Florida Department of Financial Services and the Office of Insurance Regulation of the Financial Services Commission. *See* § 626.9561, Fla. Stat. (providing for regulation of unfair or deceptive sales or advertising of insurance § 626.9541); § 624.401(3), Fla. Stat. (exclusive regulatory authority of state). Because all of the claims alleged are based on the deceptive advertising, offer and sale of insurance, they are barred by the Florida Unfair Insurance Trade Practices Act ("FUITPA"), § 626.951, Fla. Stat., the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"), § 501.201, § 817.47, Fla. Stat., and the McCarran-Ferguson Act, 15 U.S.C. § 1012(b).

**A.    All of Plaintiff's Claims Are Foreclosed by the "Terms, Conditions and Exclusions" Quoted in the Allianz Offer Box and the Travel Policy**

Plaintiff complains that the terms, conditions and exclusions of the subject travel insurance policy were not easily accessible to him and that, apparently, Plaintiff cannot be charged with knowledge of their contents. Opp. at 5. However, Plaintiff concedes that Allianz actually disclosed all of the policy terms to him *before* he purchased the policy, but he (apparently) elected not click on the hyperlinks that would have led him to a full disclosure of the policy provisions. Opp. at 3 ("after clicking on three different links and being three screens away from the original offer of insurance, *you get to a document detailing the terms of the individual travel insurance policy*.") (emphasis supplied). Plaintiff's concession is fatal. "[C]licking [a] hyperlinked phrase is the twenty-first century equivalent of turning over the cruise ticket. In both cases, the consumer is prompted to examine terms of sale that are located somewhere else." *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 839 (S.D.N.Y. 2012). "[O]n the cusp of the third decade of the twenty-first century it can fairly be said that following a hyperlink is like turning a page in a printed document. Any reasonable viewer would realize that access to the text of the terms would be simple and immediate." *In re Daily Fantasy Sports Litig.*, 2019 WL 6337762, at *10 (D. Mass. Nov. 27, 2019). Whether Plaintiff actually read the policy terms is irrelevant. "Under Florida law, a plaintiff is bound by all of the terms of a contract …, regardless of whether he actually read them or understood them at the time he assented." *Greenberg v. Doctors Assoc., Inc.*, 338 F. Supp. 3d 1280, 1282 (S.D. Fla. 2018).

Plaintiff then suggests that he is not bound by the policy because "the terms of the

2

policy were not bargained for by the parties; indeed, there was not even a meeting of the minds as to what the terms were." Opp., at 5. To the contrary, when Plaintiff affirmatively "click[ed] on a dialog box on the [Allianz offer] screen in order to proceed with [a] ... transaction," a binding agreement was formed. *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1327 (11th Cir. 2016). Moreover, by affirmatively clicking his assent, Plaintiff was "on inquiry notice of the terms assented to." *Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1302 (M.D. Fla. 2018) (internal quotations omitted).

Plaintiff next argues that words used in the Allianz offer box gave him the false "impression … that he was purchasing a broad, no-fault insurance" policy and that his false impression was not "directly and expressly" contradicted by the actual terms of the policy. Opp., at 7. First, there is nothing in the Allianz offer box that even hints at "no-fault" coverage; to the contrary, as highlighted in footnote 5 of the Complaint, coverage is *expressly offered pursuant to* "terms, conditions and exclusions" – just the opposite of "no-fault" coverage. Furthermore, the policy language itself is crystal clear that there are 16 covered reasons for cancellation. Compl., Ex. C [ECF No. 1-3, at 12 of 36]. There is no cancellation coverage for *voluntary* flight changes. *Id.*

Because the unambiguous terms of the travel policy attached to the Complaint irrefutably contradict Plaintiff's claim that he purchased "no-fault" insurance coverage, all of Plaintiff's claims are fatally flawed and must be dismissed with prejudice.[2] *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("If the appended document … reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *TRG Night Hawk Ltd. v. Registry Dev. Corp.*, 17 So. 3d 782, 784 (Fla. 2d DCA 2009) (misrepresentation and FDUTPA claims barred by contract terms); *Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003) (FDUTPA claim contradicted by contract). "To hold otherwise is to invite contracting parties to make agreements of the kind in suit and then avoid them by simply taking the stand and swearing that they relied on some other statement." *Tevini v. Roscioli Yacht Sales, Inc.,* 597 So. 2d 913, 914 (Fla. 4th DCA 1992).

---

[2] All of Plaintiff's foundational factual allegations, including the website disclosure and travel insurance policy attached to the Complaint, are incorporated into each of the five counts of the Complaint. *See* Compl., ¶¶ 77, 88, 94, 103, and 116.

      **B.**     **All of Plaintiff's Claims Are Preempted by the Airline Deregulation Act**

All counts of the Complaint are preempted by Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713 for the reasons set forth in AA's motion to dismiss [ECF No. 29] and in AA's reply memorandum, which are incorporated by reference in this reply.

      **C.**     **The Unjust Enrichment Claim Is Barred by the Florida Unfair Insurance Trade Practices Act and the Contract of Travel Insurance**

          **1.**    **The Florida Unfair Insurance Trade Practices Act Bars the Claim for Unjust Enrichment**

Plaintiff concedes, as he must, that Florida law provides no statutory cause of action for unfair or deceptive insurance sales practices under § 626.9541(1)(a) and (b), Fla. Stat. Opp., at 8; *see also Joseph*, 612 F. App'x. at 557 ("Section 626.9541(1)(a)(1) is not one of the enumerated sections for which [F]UITPA provides a private cause of action."). Plaintiff further concedes that the Eleventh Circuit's decision in *Buell v. Direct Gen. Ins. Agency, Inc.*, 267 F. App'x 907, 909 (11th Cir. 2008) precludes the assertion of an unjust enrichment claim based on conduct that otherwise constitutes a violation of FUITPA. Opp., at 8; *see Buell*, 267 F. App'x at 909 ("plaintiffs may not evade the Florida legislature's decision to withhold a statutory cause of action for violations of the pertinent provisions of FUITPA by asserting common law claims based on such violations").

Undeterred, Plaintiff argues that his "unjust enrichment claim is not based on § 626.9541(1(a)-(b), Fla. Stat. In fact, the statute is nowhere mentioned in Count II of Plaintiff's complaint." Opp., at 8. Plaintiff's sophomoric argument should be rejected. Plaintiff concedes that all of his "claims are based on Defendants' presentation to consumers of a misleading offer of insurance in order to complete a sale." Opp., at 2. Indeed, the gist of Plaintiff's unjust enrichment claim (indeed, all of his claims) is that he bought travel insurance in reliance on deceptive and misleading statements contained in the Allianz offer box. *See, e.g.,* Compl., ¶¶ 19, 26-27, 33, 35, 43-44. Because Plaintiff is barred from asserting a statutory claim under § 626.9541(1)(a)-(b) of FUITPA, he is likewise prohibited from circumventing the bar by asserting an unjust enrichment claim predicated on the same alleged deceptive insurance practices. That is precisely the holding of the Eleventh Circuit in *Buell*.

Plaintiff tries to salvage his unjust enrichment claim by relying on *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579 (11th Cir. 2013), which allowed an unjust enrichment claim against health care clinics that unlawfully received PIP benefits in violation

4

of § 400.9935(3), Fla. Stat. However, as Judge Middlebrooks recently held in *Donoff v. Delta Air Lines, Inc.*, Case 9:18-cv-81258-DMM (S.D. Fla. Oct. 11, 2019), ECF No. 162, a private right of action was permitted in *Silver Star* because the "Florida legislature intended to provide a judicial remedy for the violation" of § 400.9935(3), whereas the Florida legislature did *not* intend to provide any judicial remedy for violations of certain provisions of FUITPA. *Donoff*, ECF No. 162, at 6 of 9.

In desperation, Plaintiff quotes *Hucke v. Kubra Data Transfer Ltd., Corp.*, 160 F. Supp. 3d 1320, 1323-27 (S.D. Fla. 2015) for the proposition that "the mere fact that the defendant might … have violated a statute without any private right of action does not preclude a plaintiff from asserting its existing common law claims." Opp., at 8. However, Plaintiff ignores the very next sentence in *Hucke*, which states: "Nothing in *Murthy* [*v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994)] stands for the proposition that a plaintiff may assert a common law claim where Plaintiff has not alleged any injury that would exist *independent* of the purported statutory violations." *Hucke*, 160 F. Supp. 3d 1326 (internal quotation omitted). Because "Plaintiff has not alleged any injury that would exist independent of the alleged statutory violations," Judge Rosenberg dismissed the unjust enrichment claim that was based on statutory violations for which no private cause of action existed. *Id.* at 1325-36. *Hucke* is consistent with other cases rejecting implied common law claims predicated on statutory violations. *Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218, 1229 (S.D. Fla. 2010) ("Plaintiffs cannot use negligence per se to create a private cause of action for alleged violations of § 626.9541(1)(a)1 and (b)4"). *Donoff v. Delta Air Lines, Inc.*, Case 9:18-cv-81258-DMM (S.D. Fla. Jul. 9, 2019), ECF No. 121, at 15 of 20 (unjust enrichment claim cannot be premised on violation of Florida's insurance statutes); *Sapuppo v. Allstate Floridian Ins. Co.*, 2013 WL 6925674, at *6 (N.D. Fla. Mar. 12, 2013) (as no private right of action for unjust enrichment exists to enforce statutory filed-rate doctrine), *aff'd,* 739 F.3d 678 (11th Cir. 2014).

Because there is no private right of action to redress violations of § 626.9541(1)(a) and (b), Fla. Stat., Plaintiff cannot assert an unjust enrichment claim based on conduct that would constitute a violation of the same statutory subsections. Count II should be dismissed.

### 2. The Unjust Enrichment Claim Is Also Barred by the Existence of the Contract of Insurance

Because Plaintiff admits that he has a contract of insurance with Jefferson, the insurer, *see* Complaint, Ex. C [ECF No. 1-3, Page 3 of 36], there is no viable claim for unjust

enrichment. *Zarrella*, 755 F. Supp. 2d at 1227 (existence of an express contract governing insurance policy agreement bars unjust enrichment claim).

Plaintiff argues that the travel policy "does not 'cover the same subject matter as Plaintiff's claims,'" Opp., at 9, but the allegations of his Complaint belie the argument. Plaintiff concedes that he paid Allianz and Jefferson a premium in exchange for the provision of insurance coverage and that he received the contract of insurance at the price quoted.

Lastly, despite his argument to the contrary, Opp., at 14, Allianz a/k/a AGA Service Company is a party to the insurance contract. *See* Compl., Ex. C, "DEFINITIONS" [ECF No. 1-3, at 11 of 36] ("*We*, *Us*, *or Our* [means] Jefferson Insurance Company and its agents, including AGA Service Company"). Therefore, the unjust enrichment claim cannot survive.

### D.   The FDUTPA Claim Is Barred by § 501.212(4), Fla Stat.

Plaintiff does not deny that his FDUTPA claim is premised on alleged "deceptive and unfair" statements contained in Allianz's offer box in connection with the advertisement, offer and sale of travel insurance, Compl., ¶¶ 99-100, an "activity" that is regulated by the Florida Department of Financial Services and Florida Office of Insurance Regulation. § 626.9561, Fla. Stat. Plaintiff also does not deny that Allianz and Jefferson are "persons" regulated by the same agencies. § 624.401, Fla. Stat. By its express terms, FDUTPA "does not apply to: … (4) [a]ny *person or activity* regulated under laws administered by: (a) [t]he Office of Insurance Regulation of the Financial Services Commission; … (d) [a]ny *person or activity* regulated under the laws administered by … Department of Financial Services." § 501.212(4), Fla. Stat. (emphasis supplied); *Martorella v. Deutsche Bank Nat'l Trust Co.*, 161 F. Supp. 3d 1209, 1216 (S.D. Fla. 2015) ("express language of Fla Stat. § 501.212(4)(a) creates a specific exemption from suit under FDUTPA for '[a]ny person or activity regulated under laws administered by ... [t]he Office of Insurance Regulation of the Financial Services Commission.'"). Thus, a FDUTPA claim cannot survive if *either* the defendant *or* the subject activity is regulated by the Office of Insurance Regulation. In this case, Plaintiff's FDUTPA claim against Allianz and Jefferson is directed at both regulated *persons* and regulated *activities.* Thus, the FDUTPA claim is barred for *both* reasons.

Citing to a number of factually inapposite cases, Plaintiff's only response is that his FDUTPA claim is too factually complex for the Court to determine whether it is barred by the § 501.212(4)(a) exclusion. But, here, where Plaintiff concedes that his FDUTPA claim is

against two parties who are regulated by the Office of Insurance Regulation and the Department of Financial Services and concerns activities that are regulated by same agencies, the applicability of the exclusion is apparent. Courts readily dismiss FDUTPA claims when it is facially apparent that the claims are precluded by § 501.212(4), Fla. Stat. *See, e.g., Hotchkiss v. Blue Cross and Blue Shield of Fla., Inc.*, 277 So. 3d 760, 762 (Fla. 1st DCA 2019) (dismissing FDUTPA claim on motion to dismiss); *Dolan v. JetBlue Airways Corporation*, 385 F. Supp. 3d 1338, 1350 (S.D. Fla. 2019) (same); *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Vinardell Power Sys., Inc.*, 2019 WL 1440383, at *3 (S.D. Fla. Apr. 1, 2019) (same); *Antoine v. State Farm Mut. Auto. Ins.*, 662 F. Supp. 2d 1318, 1326 (M.D. Fla. 2009) (same); *McIntyre v. Marriott Ownership Resorts, Inc.*, 2013 WL 12212640, at *3 (S.D. Fla. Dec. 10, 2013) (same); *Hogan v. Praetorian Insurance Co.*, 2018 WL 8266803, at *5 (S.D. Fla. 2018) (same).

Because Allianz and Jefferson are entities regulated by the Office of Insurance Regulation and the Department of Financial Services, and the alleged insurance activity is also regulated by the same regulatory agencies, the FDUTPA claim must be dismissed.

### E.   The McCarran-Ferguson Act Bars Plaintiff's RICO Claim

To avoid the bar of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), Plaintiff argues that "many courts have since followed the Supreme Court's analysis in *Humana* to conclude that the application of RICO would not 'invalidate, impair, or supersede' Florida law." Opp., at 10. Plaintiff, however, has failed to address, much less rebut, the Florida district court cases cited in the MTD at pages 15-16 which hold that RICO claims are barred because such claims, in part, supersede or impair Florida's prohibition on private causes of action relating to insurance coverage. *See, e.g., Kondell v. Blue Cross and Blue Shield of Fla., Inc.*, 187 F. Supp. 3d 1348, 1360 (S.D. Fla. 2016) ("In the absence of a private right of action under Florida insurance law," RICO claim should be dismissed with prejudice); *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1321-22 (S.D. Fla. 2002) (same); *cf. Weinstein v. Zurich Kemper Life,* 2002 WL 32828648, **1-2 (S.D. Fla. Mar. 15, 2002) (RICO claim dismissed because inconsistent with Florida law); *Braunstein v. Gen. Life Ins.*, 2002 WL 31777635, *4 (S.D. Fla. 2002)(same).[3]

---

[3] Plaintiff cites *Montoya v. PNC Bank, N.A.*, 94 F. Supp. 3d 1293, 1316 (S.D. Fla. 2015) for the proposition that "the application of RICO would not 'invalidate, impair, or supersede' Florida law." *Montoya* is inapposite because "the allegations were not directly related to the ordinary business of insurance as defined by the McCarran-Ferguson Act," *Bowe v. Pub.*

Citing *Humana Inc. v. Forsyth*, 525 U.S. 299 (1999), Plaintiff argues that the assertion of a RICO claim "would not 'invalidate, impair, or supersede' Florida law." Opp., at 10. However, as Judge Moreno pointed out in *In re Managed Care Litigation*, "[t]he present case differs from *Humana* in at least one key respect: unlike Nevada, *the states of California, Florida, New Jersey, and Virginia do not expressly provide for private causes of action to victims of insurance fraud*…. Consequently, where state insurance laws closely regulate the very activity forming the basis of a plaintiff's claim, '[t]he absence of a state-level cause of action counsels in favor of barring the federal lawsuit' if the federal law does not specifically relate to the business of insurance." *Id.* at 1321-22 (emphasis supplied).[4]

### F. Plaintiff Fails to Allege the Requisite Elements of a RICO Claim

#### 1. Plaintiff Fails to Allege Causation

Merely alleging that Plaintiff was damaged by deceptive insurance practices is not the same as pleading *causation* under the RICO Act. The Supreme Court requires a party to plead "that[] he has been injured in his business or property *by the conduct constituting the [RICO] violation*" as opposed to being *"injured by other conduct."* *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985)).

Plaintiff has failed to allege in his Complaint or explain in his opposition brief how his RICO damages differed from the damages suffered from the other common law claims asserted, all of which, as noted above, allegedly arose from "Defendants' presentation to consumers of a misleading offer of insurance in order to complete a sale." Opp., at 2. Without showing that he suffered a distinct injury from a racketeering activity, there is no causation sufficient to support a RICO claim, particularly given Plaintiff's apparent refusal to read the policy and the coverages that were offered to him.

---

*Storage*, 106 F. Supp. 3d 1252, 1269 (S.D. Fla. 2015), "and state statutory and common laws were identified which afforded at least some private right of action against an insurer," *Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 3d 1338, 1349 (S.D. Fla. 2019). In the case at bar, Plaintiff's RICO claim focuses on activities directly bearing on the business of insurance for which there is no independent statutory or common law private right of action.

[4] Plaintiff cites to Judge Moreno's earlier order *in In re Managed Care Litig.,* 135 F. Supp. 1253, 1260 (S.D. Fla. 2001) in its opposition brief for the proposition that "[b]ecause both 'RICO and the state insurance laws [can] be applied in harmony,' RICO does not 'frustrate any state policy regarding the insurance laws.'" Opp., at 11. However, Plaintiff failed to note that Judge Moreno's subsequent order dismissed the RICO claims under McCarran-Ferguson as repugnant to Florida law. *In re Managed Care Litig.*, 185 F. Supp. 2d at 1321-22.

8

### 2. Plaintiff's Allegation of a RICO Enterprise Is Insufficient

Plaintiff has failed to explain in his opposition brief (a) how the alleged RICO "enterprise" is separate and distinct from the persons constituting it, and (b) how the defendants' racketeering conduct was different from "their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (emphasis in original). This "distinctiveness" requirement is designed to ensure that RICO is not applied to "common business relationships," *Spirit Airlines*, 126 F. Supp. 3d at 1341-42, and is reserved for "activity that goes beyond normal self-interested business behavior…. *This is the case even where the plaintiff alleges that the individuals making up the enterprise acted fraudulently in pursuing their own business interests*." *Cisneros v. Petland, Inc.*, 341 F .Supp. 3d 1365, 1373-74 (N.D. Ga. 2018). Because Plaintiff has alleged merely a common business relationship between an airline, an insurer, and its agent for the routine sale of travel insurance and not a RICO "enterprise," the RICO claim fails.

### G. The False Advertising Claim Is Barred by § 817.41, Fla Stat.

Plaintiff alleges that "Allianz, together with AA and Jefferson, publicly disseminated advertising regarding its travel insurance policies that contained statements that were fraudulent, untrue and/or misleading," Compl., ¶ 117, and that "Defendants' statements constituted misleading advertising under §817.40(5), Fla. Stat." Compl., ¶ 121.[5] Given these allegations, the false advertising claim must be dismissed for two fundamental reasons:

*First*, § 817.47, Fla. Stat., expressly states that "[n]othing in ss. 817.40 … shall be deemed to apply to advertising in connection with sales of insurance which are regulated under the insurance laws of this state." *Second*, Florida does not permit a private right of action based on deceptive advertising in connection with sale of insurance, *see Joseph*, 612 F. App'x. at 557 (holding no private right of action under § 626.9541(1), Fla. Stat.)

Plaintiff states he "knows of no case or statute that stands for the proposition that § 817.47 was meant to preempt all insurance-related causes of actions based on false advertising principles." Of course, that is precisely what § 817.47 states. Moreover, Plaintiff apparently overlooked *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303 (M.D. Fla. 2017), cited at page 18 of the MTD, which expressly held that "advertisements … made 'in

---

[5] Plaintiff disingenuously argues that he "did not plead a statutory cause of action in Count V" for false advertising, Opp., at 14, but ¶121 of his Complaint expressly alleges "Defendants' statements constituted misleading advertising *under §817.40(5), Fla. Stat.*" (emphasis supplied).

connection with the sales of insurance' and are exempt from Florida's Misleading Advertising Law [§ 817.41, Fla. Stat.]" *Asokan*, 302 F. Supp. 3d at 1313.

### H. Count I for Declaratory Relief Must Be Dismissed

Plaintiff does not dispute that if all of the common law and statutory claims in his Complaint are dismissed for failure to state a claim, the Court has no discretion but to enter an order dismissing the declaratory judgment claim. Opp., at 14; *Padilla v. Porsche Cars North America, Inc.*, 391 F. Supp. 3d 1108, 1119-20 (S.D. Fla. May 21, 2019). Because none of the five substantive counts of the Complaint states a legally viable claim, once they are dismissed, so must the declaratory judgment count.

### I. Plaintiff Concedes that the Unjust Enrichment, FDUTPA, and False Advertising Claims Are Inappropriate for Class Treatment

Plaintiff does not dispute that his nationwide class claims for FDUTPA, unjust enrichment, and statutory false advertising should be dismissed. Opp., at 15.[6] Nor does Plaintiff distinguish the legal authorities holding such claims to be improper for class treatment. *See Buell v. Direct General Ins. Agency, Inc.*, 2007 WL 1296347, at *2 (M.D. Fla. May 1, 2007) ("fraud claims are inappropriate for class treatment as a matter of law"); *Carnival Corp. v. Rolls-Royce PLC*, 08-23318-CIV-SEITZ, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) (nationwide class cannot be premised on FDUTPA violations); *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913, at *11 (S.D. Fla. Jan. 10, 2013) (nationwide class treatment inappropriate for unjust enrichment claims); § 817.41, Fla. Stat. (nationwide class treatment for false advertising of insurance products under § 817.40 improper because such claims are limited to misleading advertisements "made or disseminated before the general public of the state."). Therefore, these class claims should be dismissed with prejudice.

### CONCLUSION

Allianz and Jefferson respectfully request the entry of an order dismissing all counts of the Complaint. Because amendment would be futile, the dismissal should be with prejudice.

---

[6] Plaintiff argues that the Court should defer ruling on whether these claims can be asserted on a statewide or nationwide basis, Opp. at 14, but when the impropriety of a class action "is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012); *Dolan*, 385 F. Supp. 3d at 1355 (dismissing nationwide class allegations regarding FDUTPA and unjust enrichment) (Scola, J.).

Dated: January 10, 2020

Respectfully submitted,

By: **Lazaro Fernandez, Jr.**
Lazaro Fernandez, Jr.
Fla. Bar No. 716545
Email: lfernandez@stackfernandez.com
Brian J. Stack
Fla. Bar No. 0476234
Email: bstack@stackfernandez.com
**STACK FERNANDEZ & HARRIS, P.A.**
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 371-0001

*Attorneys for AGA Service Company and Jefferson Insurance Company*