Exhibit A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23901-CV-MARTINEZ/GOODMAN

KRISTIAN ZAMBER, on behalf of
himself and all others similarly situated,

    Plaintiff,
v.

AMERICAN AIRLINES, INC,

    Defendant.
_____/

## ORDER REVERSING MAGISTRATE JUDGE'S ORDER DENYING TRANSFER

**THE MATTER** is before the Court upon Defendant, American Airline Inc.'s Objections (DE 459) to Magistrate Judge Goodman's Order (DE 457) denying Defendant's Renewed Motion to Transfer Venue (DE 438). In the December 27, 2019 Order, Magistrate Goodman concluded that American waived its right to enforce a forum-selection clause and alternatively, even if American did not waive the forum-selection clause, there are exceptional circumstances which justify denial of the transfer motion. Defendant timely objected to the Order, and Plaintiff responded. The matter is now ripe for review. Upon careful consideration, the Court concludes that this matter should be transferred to the Northern District of Texas, and Magistrate Goodman's Order is accordingly **REVERSED**.

### I.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), a district court reviewing a magistrate judge's order shall only modify or set aside the order if it is "found to be clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); L. Magistrate R. 4(a)(1). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). An order is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). "In the absence of a legal error,

1

a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing *Cooler & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

Applying these precepts, the Court concludes that Defendant has satisfied its burden to establish clear error.

## II. DISCUSSION

As noted previously, the Order under review offers two alternative justifications for discounting the forum-selection clause at issue between the parties: (a) waiver; and (b) exceptional circumstances. These two grounds will be explored in turn.

### A. Waiver

To establish a litigation-based waiver (as distinct from a contract-based waiver, such as a forum-selection clause), a party must point to "clear and unequivocal" conduct evincing an intent to waive. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999). In essence, Plaintiff's argument is that Defendant, through its litigation conduct in this forum, has waived Plaintiff's contractual forum waiver—a waiver of a waiver, so-to-speak. The Court is unconvinced that Defendant's litigation of this case pursuant to mandatory deadlines in a Scheduling Order and federal procedural rules, coupled with mere passage of time—necessitated not by Defendant's own conduct—but the Court's limited judicial resources, constitutes a "clear and unequivocal" desire to waive terms of a contractual bargain.

It is true that motions to transfer are not typically resolved at this juncture in a litigation. But this is not a typical litigation. This case has morphed from a simple contractual dispute over a small sum of money, into an aggressively litigated potential class action with substantial damages. The record in this case is voluminous. The case was stayed at the request of Defendant in 2017, and again in 2018 by joint motion of the parties pursuant to a settlement that ultimately unraveled. Meanwhile, Defendant's initial motion to transfer (DE 117) was never addressed by the Court, despite Defendant urging the Court to do so in a June 2018 status report (DE 154 (stating that "[a] resolution of the motion is necessary")) and multiple times thereafter, due in part to judicial delay

2

and the administrative closing of this case following the purported settlement between the parties, and consequent administrative termination of the motion. (DE 212).

That the motion to transfer was filed after Defendant's dismissal motion is of no consequence in the unique circumstances present here, either. Although Judge Goodman places significant emphasis on this fact, as Defendant points out, its motion to dismiss constituted an attack on the Court's subject-matter jurisdiction. A court should first consider its own jurisdiction prior to resolving a transfer motion, and this maxim is implicit in § 1404(a), which provides that the Court has the power to transfer "to any other district or division where [the matter] **_might have been brought_** . . . ." 28 U.S.C. § 1404(a) (emphasis supplied); *see also Levitt v. State of Md. Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1489 n.3 (E.D.N.Y. 1986) ("Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer.") (citation omitted). Thus, the Court concludes that Defendant's attempt to seek a ruling on its dismissal motion is not inconsistent with, but—on the contrary, is part-and-parcel of, its procedural attack.

This conclusion is fortified by the fact that the parties were negotiating a settlement in the early stages of this case. The filing of a transfer motion during an active mediation would have been counterproductive. A modest delay of filing that acts in furtherance of a negotiated resolution should not be construed as a litigation waiver. *See, e.g., 2215 Fifth St. Assocs., LP v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 56 (D.D.C. 2001) ("The Court disagrees with plaintiff's contention that defendant has waived any objection to improper venue based on the forum selection clause by taking part in this case and cooperating in settlement negotiations for six months without acting on its objection.").

### B. Exceptional Circumstances

The Supreme Court has made clear that a valid forum-selection clause "should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013). Given this command, the Court must give close scrutiny to the Plaintiff's claims that exceptional circumstances defeat the strong presumption that the forum-

selection clause at issue here is effective.

The Court concludes that exceptional circumstances do not exist here. Stated simply, a failed settlement, administrative closing, and judicial delay, are the primary reasons Defendant's transfer motion was not resolved earlier. It would be manifestly unfair to punish Defendant under these circumstances. On the other hand, Plaintiff is not prejudiced by continuing to litigate this case in a forum he expressly chose by contractual agreement. And no substantive issues have yet been resolved, despite the age of this case. This matter is nowhere near trial-ready. (DE 437, 458). No resources will have been wasted; a transfer will simply put the issues before a district judge in the chosen forum. Moreover, public interest factors weigh heavily on the side of transfer. Court congestion is one example. And local familiarity and expertise with American Airlines (given its principal place of business), as well as applicable choice-of-law provisions, is another. *See, e.g., Atl. Marine*, 571 U.S. at 63 n. 6. Balanced against these interests, the age of this case alone is an insufficiently compelling circumstance to justify a departure from the controlling weight usually afforded a forum-selection clause. "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. The Court declines to do so here.

Furthermore, private-interest factors support transfer as well. The Court agrees with the argument set forth in Defendant's motion, (DE 438: 28-30), and accordingly concludes that even absent a forum-selection clause, the convenience of a Northern District of Texas forum substantially outweighs the Southern District of Florida. Plaintiff relegates his rebuttal to a footnote, which does not convincingly address the convenience factors of §1404(a). (DE 450: 26 fn. 15).

Accordingly, the Magistrate clearly erred in concluding exceptional circumstances warrant the denial of transfer.

### C. The Forum-Selection Clause is Enforceable

Magistrate Judge Goodman further suggested, but did not decide, that the forum-selection clause at issue here is unenforceable. Accordingly, no deference is required on review of this issue.

The Court concludes that the forum-selection clause is enforceable, and finds persuasive the numerous authorities supplied by Defendant establishing that so-called "clickwrap" agreements or hybrid clickwrap-browserwrap agreements are both routine and enforceable. *See Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1303 (M.D. Fla. Dec. 27 2018) ("Courts have enforced 'hybrid' browsewrap agreements—that is, browsewrap agreements that resemble clickwrap agreements in that they require the user 'to affirmatively acknowledge the agreement before proceeding with use of the website.'"); *see also Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829 (S.D.N.Y. 2012).

The distinguishing feature of the forum-selection clause here is that it is contained in a site policy that is available through a hyperlink which is incorporated into terms and conditions that Plaintiff expressly acknowledged and accepted. (ECF 117-1, and exhibits thereto). "Federal courts have consistently enforced clauses contained in clickwrap agreements like the one at issue here, where the agreement is 'presented via a hyperlink to a page separate from the one containing the box or button manifesting assent.'" *Davis v. USA Nutra Labs*, 303 F. Supp. 3d 1183, 1190-91 (D.N.M. Mar. 28, 2018) (quoting *Bassett v. Elec. Arts Inc.*, 2015 U.S. Dist. LEXIS 36175 (E.D.N.Y. Feb. 9, 2015)).

The hyperlink to the AAdvantage terms and conditions is conspicuously presented directly above the button that a customer must click to log in. Above that, the user is notified that clicking the button amounts to acceptance of the AAdvantage terms and conditions. Plaintiff admits that he "was told that, by clicking a log-in button, he was assenting to the AAdvantage terms and conditions." (DE 420-1: 29). One of those terms and conditions expressly stated that "[b]y accessing your AAdvantage account on AA.com, you agree to the AA.com site usage policy." (ECF 117-1: 9). The site usage policy is then available through a further hyperlink that appears immediately beneath this language, in a separate paragraph, and emphasized in different color text. (*Id.*). That policy contains the forum-selection clause. (DE 117-1, Ex. B).

Although the Court can envision circumstances where a user interface is layered to the point of being excessively cumbersome or confusing, the Court is satisfied that in this case, the

5

forum-selection clause is sufficiently akin to clickwrap or at minimum, a hybrid "browserwrap" agreement, since it was conspicuous and easily accessible to Plaintiff by clicking through a hyperlink which is only one step removed from the terms and conditions that Defendant acknowledged and accepted. Each link was conspicuous and provided reasonable notice. The site usage policy is the internet equivalent of a contractual addendum or annex, and the Court finds it to be enforceable.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Goodman's Order Denying Transfer (DE 457) is **REVERSED**. This matter is accordingly **TRANSFERRED** to the Northern District of Texas. The Clerk is directed to mark this case **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _10_ day of February, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE