UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-cv-24300-MGC

IBALDO ARENCIBIA,

    Plaintiff,

vs.

AGA SERVICE COMPANY, *et al.*,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO AMERICAN AIRLINES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY OF MARCH 18, 2020**

Plaintiff Ibaldo Arencibia ("Arencibia"), respectfully submits this response to American Airlines, Inc.'s ("AA") Notice of Supplemental Authority ("NSA") of March 18, 2020, and states the following:

AA's latest NSA is improper because (1) it attempts to transform its Motion to Dismiss into a motion for summary judgment at a stage where Arencibia has not been able to present any evidence, and (2) it mischaracterizes and erroneously analogizes the case of *Donoff v. Delta Air Lines, Inc.* with this one, when they are factually very different.

To use a car analogy, Donoff alleged that she was offered a 4WD, given a 4WD, but the dealer did not tell her about its fees. Arencibia, on the other hand, alleges that he was offered a 4WD, and got a 2WD (or maybe a scooter). Additionally, Arencibia alleges that AA is well aware that what is being sold in its stores (aa.com) is a 2WD, and it facilitates the sale—because it is very profitable to facilitate the sale of the 2WD. In *Donoff*, the plaintiff did not make a claim for the benefit of what it purchased; Arencibia did. He called, asked that the price of his trip be refunded, and his claim was denied. [ECF 1, ¶¶ 21-23]. Donoff did not claim that the actual product, in relation to what was offered to her, was defective; Arencibia does. He alleges that the product offer does not "accurately reflect[] the nature, essence and substance of what it covers." [ECF 1, ¶ 38].

AA is correct that Arencibia's case arises from the purchase of so-called "trip insurance" from Allianz via AA's website, but that is where the similarity with *Donoff* ends. The content, nature and substance of the so-called "trip insurance" are not at stake at all in *Donoff*; it is here. It is, in fact, the heart of this case.

AA also argues in its NSA, citing Judge Middlebrook, that the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply because of the exception to FDUTPA for insurance activity. However, Judge Middlebrook has also held that the applicability of the insurance-regulation exception is an affirmative defense that is not an appropriate basis for a motion to dismiss. *See Donoff*, No. 9:18-cv-81258-DMM, slip. op. at 18 (S.D. Fla. July 9, 2019).[1]

Based on this FDUTPA exemption, AA argues that Arencibia's RICO claims are barred by the McCarran-Ferguson Act. It is unclear how Judge Middlebrook's Summary Judgment Order in *Donoff* supports this. There is no discussion of RICO or the McCarran-

---

[1] *See also* ECF 31 at 15-16.

Ferguson Act in the Order. Judge Middlebrook's Summary Judgment Order in *Donoff* does not support dismissing Arencibia's unjust enrichment claim either, for the reasons mentioned earlier. Even if we assume *arguendo* that the price paid for "trip protection insurance" is not "damages," Arencibia claims damages in the form of the price he paid for the flights, which up to today, has not been reimbursed.

Dated: March 19, 2020

By: */s/Eduardo A. Maura*
Eduardo A. Maura, Esq.
Florida Bar No. 91303
eayala@ayalalawpa.com
Luis F. Quesada, Esq.
Florida Bar No. 1010305
lquesada@ayalalawpa.com
**Ayala Law, P.A.**
1390 Brickell Ave, Ste 335
Miami, FL 33131
Telephone: (305)-570-2208,

Felipe Fulgencio, Esq.
Florida Bar No. 95961
felipe@fulgenciolaw.com
**Fulgencio Law, P.L.L.C.**
105 S Edison Ave
Tampa, FL 33606
Telephone: 813-463-0123

Jorge Garcia-Menocal, Esq.
Florida Bar No. 17990
jgm@gmilaw.com
**Garcia-Menocal Irias & Pastori LLP.**
368 Minorca Ave
Coral Gables, FL 33134
Telephone: 305-400-9652

*Counsel for Plaintiff, Ibaldo Arencibia*

## CERTIFICATE OF SERVICE

I certify that on March 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn will serve a copy by Notice of Electronic Mail to all counsel of record.

By: */s/Eduardo A. Maura*
Eduardo A. Maura, Esq.
Florida Bar No. 91303
eayala@ayalalawpa.com

4